CV 13 - 1203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

ELAINE MATTHEWS,

                              Plaintiff,   **COMPLAINT**

            -against-

THE CITY OF NEW YORK; SGT. ANDREW
HILLERY; DET. ANDREW FAGO; DET. RIVERA;
DET. FRIED; DET. BROOKS; DET. BANGHART;       Jury Trial Demanded
DET. MEIGS; DET. SANCHEZ; DET. SPOSITO;
ACTING COMMISSIONER ARNOLD S. WECHSLER;
LT. FINDLY; DET. STEPHANIE LNU; and NYPD
OFFICERS JANE/JOHN DOES # 1-5 the
individual defendant(s) sued individually
and in their official capacities,

                              Defendants.       MANN. M.J.

------------------------------------------ X

### PRELIMINARY STATEMENT

        1.    This is a civil rights action in which plaintiff

seeks relief for the violation of the plaintiff's rights secured

by 42 U.S.C. §§ 1983; the First, Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution; Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the New

York State Human Rights Law, Executive Law §§ 296 and 297; the

New York City Human Rights Law, Administrative Code §§ 8-107 and

8-502; the Age Discrimination in Employment Act of 1967

("ADEA"); and the laws of the State of New York.  Plaintiff's

claims arise from an incident that arose on or about August 27,

2010 and on or about May 13, 2011. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, malicious prosecution, conspiracy, retaliation, fabricated evidence, denial of a fair trial, denial of equal protection, violation of plaintiff's civil rights, race and age discrimination in employment, wrongful termination and constructive discharge, negligence in disciplinary and firing procedures, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, front and back pay, reinstatement, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the ADEA.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes, and 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

4.     Plaintiff's notice of claim regarding her termination on May 13, 2011 was duly filed on defendant City of New York within 90 days of that incident, more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims.

5.     On January 10, 2012, plaintiff filed an administrative charge against defendant City of New York with the Equal Employment Opportunity Commission ("EEOC"), alleging racial discriminatory practices, age discrimination, and retaliation for asserting her constitutional rights in defending herself against false criminal charges brought by police officers.  On April 16, 2012, the EEOC concluded that there was not reasonable cause to believe that defendants subjected plaintiff to discrimination or retaliation, and issued plaintiff a right-to-sue letter.

6.     On July 12, 2012, plaintiff filed an action in the Supreme Court of the State of New York, County of New York asserting her claims against the defendants in *Matthews v. City of New York, et al.*, Index No. 154486/2012.  *See* Exhibit 1

3

attached hereto. That action was filed within one year and 90

days of her termination of employment. That action was also

filed within ninety days of plaintiff's receipt of the right-to-

sue letter. Plaintiff satisfied all conditions precedent for

the filing of the action, and remains available for a 50-H

hearing.

7. On July 26, 2012, plaintiff served the summons

and complaint in *Matthews v. City of New York, et al.,* Index No.

154486/2012, on defendant City of New York; and defendant City

of New York answered and demanded on or about August 13, 2012 to

change venue from the Supreme Court of the State of New York,

County of New York to Supreme Court, County of Richmond.

8. Thereafter, the parties agreed that: (1)

plaintiff would voluntarily withdraw the action entitled

*Matthews v. City of New York, et al.,* Index No. 154486/2012,

without prejudice pursuant to C.P.L.R. 3217(a)(2) and re-file

the action in the United States District Court of New York for

the Eastern District of New York within 60 days of the filing of

a stipulation of discontinuance; and (2) defendant City of New

York would not assert any defense in the United States District

Court of New York for the Eastern District of New York,

including any defense of statute of limitations, that could not

have been asserted in *Matthews v. City of New York, et al.,*

4

Index No. 154486/2012, so long as the action was re-filed in the United States District Court of New York for the Eastern District of New York within 60 days of the filing of the stipulation of discontinuance.

9. On January 30, 2013, the stipulation of discontinuance was filed. *See* Exhibit 2 attached hereto. The claims set forth in *Matthews v. City of New York, et al.*, Index No. 154486/2012, are incorporated by reference into this complaint, and alleged in the paragraphs that follow.

## PARTIES

10. Plaintiff Elaine Matthews is a resident of the State of New York, Richmond County.

11. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

12. At all times alleged herein, defendants Sgt. Andrew Hillery, Tax # 925457, Det. Andrew Fago, Tax # 928265, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Banghart, Det. Meigs, Det. Sanchez, and Det. Sposito were New York City Police Officers, employed with the "NBSI" and/or the 120th Precinct, located in Richmond County, New York or other as

yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

13.    At all times alleged herein, defendants Acting Commissioner Arnold S. Wechsler, Lt. Findly, and Det. Stephanie LNU, and NYPD Officers Jane/John Does # 1-5 were New York City Police Officers or Executives who violated plaintiff's rights as described herein.

14.    The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

**False Arrest and Prosecution**

15.    Plaintiff was employed by defendant City of New York as a School Crossing Guard from September 14, 1987 to May 13, 2011.

16.    Plaintiff was born in 1957.

17.    Plaintiff was employed at City of New York's 120th Precinct, Staten Island, New York and performed her duties at P.S. 57.  During the time that plaintiff was employed by defendant City of New York, she performed her duties in a satisfactory and competent manner.

18.    On August 27, 2010, at and in the vicinity of 55 Bowen Street, Apt. # 508, Staten Island, New York, "NBSI", and the 120th Precinct, Staten Island, New York, several police

6

officers operating from the "NBSI" and/or the 120th Precinct, located in Richmond County, New York, including upon information and belief, defendants Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

19.   On August 27, 2010, at approximately 6:00 a.m., at and in the vicinity of 55 Bowen Street, Apt. # 508, Staten Island, New York ("the apartment"), Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that the plaintiff (or any third person) had committed a crime unlawfully entered the apartment.

20.   Plaintiff leased the apartment, and her daughter live in the apartment.

21.   Plaintiff was awoken by noises coming from the hallway outside her apartment.

22.   Plaintiff was dressed in her nightclothes.

23.   Plaintiff's daughter was dressed in her underwear.

7

24.     Plaintiff went to see what was happening in the hallway, when the defendant officers, including Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito rushed through her front door into the apartment.

25.     Once the defendants entered the apartment, plaintiff and her daughter were not free to disregard the defendants' questions, walk way or leave the scene.

26.     The defendants intentionally struck plaintiff and knocked her into her refrigerator.

27.     One defendant grabbed plaintiff by the neck and threw her to the floor.

28.     Another defendant trampled plaintiff, stepping on her breast.

29.     Plaintiff urinated on herself.

30.     The defendants grabbed and twisted plaintiff's arms, and placed excessively tight handcuffs on her wrists.

31.     Plaintiff's daughter was in her bed in the living room, when the defendants entered the apartment.

32.     The defendants rushed at Plaintiff's daughter with their firearms drawn.

33.     The defendants grabbed Plaintiff's daughter and violently yanked her off her bed onto the floor.

8

34.    The defendants wrenched Plaintiff's daughter's arms behind her back and placed excessively tight handcuffs on her wrists.

35.    The defendants walked around the apartment while plaintiff lay on the floor in their nightclothes and underwear.

36.    Eventually, the defendants pulled plaintiff and her daughter off the floor and made them sit in their living room in handcuffs.

37.    Plaintiff and her daughter complained to the defendants about how they were being mistreated.

38.    Plaintiff and her daughter complained about their injuries, asked the defendants for an explanation why this was happening, asked on what authority they had entered their apartment, and asked why they were in handcuffs.

39.    The defendants ignored their questions and requests.

40.    The majority of the individual defendants were men.

41.    Plaintiff and her daughter also asked to be allowed to get dressed.

42.    The defendants ignored this request for several minutes, until eventually a female defendant took plaintiff and her daughter each in turn to get dressed in the bathroom.

9

43.    Once dressed, the female defendant placed the handcuffs back on plaintiff and her daughter's wrists.  The handcuffs were excessively tight.

44.    The above-described acts of force were malicious, gratuitous, and unnecessary.

45.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against the plaintiff, since they were unarmed, compliant, and did not resist arrest.

46.    Plaintiff was physically injured as a result of the excessive use of force.

47.    Plaintiff's injuries required medical attention, and she was treated at a hospital.

48.    Those defendants who did not touch the plaintiff, witnessed these acts of force, but failed to intervene and protect them from this misconduct.

49.    The defendants searched the apartment and purposely, wantonly, and carelessly damaged and disrupted the personal property of the plaintiff.

50.    The defendants found no controlled substance, contraband, or weapons in the apartment or on plaintiff or her daughter.

51.     However, during the search, the defendants saw plaintiff's NYPD School Crossing Guard uniform.

52.     The defendants asked for plaintiff's identification.

53.     Plaintiff showed the defendants where her identification was located.

54.     The defendants obtained plaintiff's identification and verified that she was employed by the NYPD.

55.     One of the defendants exclaimed: she's one of us.

56.     The defendants took plaintiff and her daughter from their apartment to the hallway and eventually into an elevator.

57.     In the elevator, plaintiff and her daughter heard one of the defendants speak over the radio: 508 negative, which upon information and belief, means the search of the apartment proved negative for controlled substances, contraband, or weapons.

58.     Plaintiff and her daughter continued to complain about their mistreatment, and asked why they were still under arrest.

59.     The defendants ignored them.

60.     The defendants put plaintiff and her daughter in a van with other arrestees.

11

61.     The defendants drove plaintiff and her daughter
to the 120th Precinct for arrest processing.

62.     One person vomited in the van during the ride.

63.     The defendants processed plaintiff and her
daughter's arrests at the 120th Precinct.

64.     In order to cover up that their was no basis for
their arrest, upon information and belief, Sgt. Andrew Hillery,
Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det.
Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, pursuant
to a conspiracy, initiated, and falsely and maliciously told the
Richmond County District Attorney's Office that plaintiff and
her daughter had committed various crimes, including violations
of N.Y.S. P.L. §§ 220.03, by stating, among other things, that
they were in possession of an amount of marijuana.

65.     However, the Richmond County District Attorney's
Office declined to prosecute plaintiff's daughter, and she was
released from Central Booking without any charges being filed
against her, while the plaintiff was arraigned.

66.     Upon information and belief, Sgt. Andrew Hillery
and Det. Andrew Fago obtained an unlawful search warrant in this
matter by recklessly, deliberately and inadequately conducting
any investigation, and/or purposely misrepresenting facts to a
magistrate or court official.

## Malicious Prosecution and Termination of Employment

67. Plaintiff was arraigned at Central Booking and released on her own recognizance; and pursuant to NYPD policy plaintiff was taken forthwith for mandatory drug testing in Queens, New York.

68. The drug test came back negative for any controlled substances.

69. Plaintiff was initially suspended by the NYPD as a result of her arrest and prosecution, and disciplinary charges were brought against her.

70. During the course of plaintiff's disciplinary proceedings, plaintiff was informed that if she did not resign, she would be fired, despite the fact that the criminal case was still open, she maintained her innocence, and had tested negative for controlled substances.

71. Plaintiff refused to resign, and on May 13, 2011, she was wrongfully terminated by the City of New York and the NYPD as a School Crossing Guard after 23 years of service.

72. Plaintiff was terminated without cause or justification as the result of the exercise of her constitutional rights in maintaining her innocence against false charges brought against her the defendants.

13

73. During the termination process, defendants City of New York, Acting Commissioner Wechsler, Lt. Findly, Det. Stephanie LNU, and NYPD Officers Jane/John Does # 1-5 subjected plaintiff to improper hearings, designed to dismiss her without cause because, among other things, she was entitled to retire in 2 years, her innocence showed that New York City Police officers had falsely arrested her, and she refused to falsely implicate another person in the commission of a crime.

74. During the hearing process, Lt. Findly, and Det. Stephanie LNU, and NYPD Officers Jane/John Does # 1-5 questioned plaintiff about her arrest and prosecution and knew that she vehemently maintained her innocence, which is a constitutionally protected activity.

75. Plaintiff answered the defendants' questions truthfully, explaining that the charges were false and that she had committed no crime.

76. Indeed at the hearings, no evidence was submitted substantiating or proving that plaintiff had committed a crime.

77. Indeed, the police officers who falsely arrested plaintiff also claimed that she was smoking marijuana on the date of her arrest.

78. Pursuant to NYPD procedure, plaintiff was given a drug test that showed negative for controlled substances.

14

79.    This evidence, which showed that the police officers had fabricated the charges, was ignored by the defendants City of New York, Acting Commissioner Wechsler, Lt. Findly, Det. Stephanie LNU, and NYPD Officers Jane/John Does # 1-5 in the hearing process.  Upon information and belief, the defendants were motivated to retaliate against plaintiff because finding in her favor would show that a host of officers were engaged in unlawful arrests.

80.    In addition, the warrant produced during the criminal case was inaccurate.  Nonetheless, the defendants told plaintiff that she had to resign or that she would be fired, despite the fact that the criminal case was still open, and the existence of exculpating evidence.

81.    Plaintiff refused to resign and was fired by Acting Commissioner Wechsler on May 13, 2011, when she was 54 years old.

82.    Upon information and belief, a similarly situated younger white female school crossing guard in Staten Island was not fired after she was arrested.

83.    After appearing numerous times in court, the criminal case against plaintiff was dismissed in its entirety, terminating in her favor on August 26, 2011.

**General Allegations**

15

84.    The individual defendants acted in concert in committing the above-described illegal acts against the plaintiff.

85.    The plaintiff did not resist arrest at any time during the above-described incident.

86.    The plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner in relationship to, or during the above-described incident.

87.    The individual defendants did not observe the plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner in relationship to, or during the above-described incident.

88.    The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

89.    Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices

16

against the plaintiff: (1) fabricating evidence against innocent persons; (2) unlawfully obtaining and executing search warrants; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using excessive force on individuals; and (5) arresting innocent people in order to meet productivity goals.

90.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

91.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

92.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

93.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

17

94. As a direct and proximate result of the defendants' actions the plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

95. The plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to the rights of the plaintiff.

## FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

96. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

97. The individual defendants unlawfully seized, searched, and falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime.

98. Accordingly, the defendants are liable to the plaintiff for unlawful search and seizure and false arrest under 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE)

99.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

100.   The individual defendants' use of force upon the plaintiff as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused the plaintiff pain and injury.

101.   Accordingly, the defendants are liable to the plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (MALICIOUS PROSECUTION CLAIM)

102.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

103.   The individual defendants are liable to the plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated the malicious prosecution against the plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court, which alleged plaintiff had

committed various crimes, including a sworn complaint and police reports.

104.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

105.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

106.   The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on the plaintiff.

### FOURTH CLAIM

#### (FABRICATED EVIDENCE)

107.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

108.   The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against the plaintiff, depriving the plaintiff of liberty without due process of law.

109.   In addition, the defendants used and presented the fabricated evidence to prosecute plaintiff.

110.   Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officers who knowingly use false evidence to obtain a conviction act unconstitutionally.

111.  Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

## FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

112.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

113.  The individual defendants are liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, a jury, and/or court, thereby violating the constitutional right of the plaintiff to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## SIXTH CLAIM

### (RETALIATION CLAIM)

114.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

115.  The plaintiff exercised free speech and association during the incident by, among other things, telling

the individual defendants that the plaintiff had not committed a crime, and that the defendants' were unlawful.

116.   The plaintiff was also retaliated against for engaging in a protective activity, by asserting her constitutional rights in maintaining her innocence in a criminal proceeding, thereby exposing unlawful police practices and corruption.

117.   The use of free speech by the plaintiff was a motivating factor in the individual defendants' decision to arrest, prosecute and terminate the employment of the plaintiff.

118.   Accordingly, the individual defendants are liable to plaintiff under the First Amendment to the United States Constitution, and 42 U.S.C. § 1983.

**SEVENTH CLAIM**

**(42 U.S.C. § 1983 CONSPIRACY)**

119.   Plaintiff repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

120.   Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

22

## EIGHTH CLAIM

### (RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981, AND THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS)

121.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

122.   Defendants' conduct as described herein amounted to race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981; the New York State Human Rights Law, Executive Law §§ 296 and 297; and the New York City Human Rights Law, Administrative Codes §§ 8-107 and 8-502.

## NINTH CLAIM

### (ADEA DISCRIMINATION)

123.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

124.   Defendants' conduct as described herein amounted to age discrimination in violation of the New York State Human Rights Law, Executive Law §§ 296 and 297; the New York City Human Rights Law, Administrative Code §§ 8-107 and 8-502; the Age Discrimination in Employment Act of 1967.

## TENTH CLAIM

### (DENIAL OF EQUAL PROTECTION)

23

125.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

126.  Defendants' conduct, as alleged herein, was perpetrated with malice and/or without a rational basis in violation of the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1981.

### ELEVENTH CLAIM

#### (WRONGFUL TERMINATION AND CONSTRUCTIVE DISCHARGE)

127.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

128.  Defendants' conduct as described herein amounted to a wrong termination and/or constructive termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the New York State Human Rights Law, Executive Law §§ 296 and 297; the New York City Human Rights Law, Administrative Code §§ 8-107 and 8-502; the Age Discrimination in Employment Act of 1967.

### TWELFTH CLAIM

#### (NEGLIGENCE SUPERVISION, HIRING, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

129.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

130.  Defendants' conduct as described herein amounted to negligence in the hiring and retention of incompetent and

unfit police employees, negligence in the supervision, training
and instruction of such employees who conduct investigations,
termination and disciplinary and/or misconduct hearings, and
fire police personal.

131.  Defendant City of New York is liable to the
plaintiff because the occurrence and injuries sustained by
plaintiff, were caused solely by, and as a result of the
malicious, reckless, negligent, and/or intentional conduct of
defendant City of New York, and the NYPD, its agents, servants
and/or employees, as set forth above, without provocation on the
part of plaintiff contributing thereto, specifically, the
negligent and reckless manner in which said defendant hired,
trained, supervised, controlled, managed, maintained, inspected
and retained its police officers.

## THIRTEENTH CLAIM

### (NEGLIGENCE)

132.  Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein.

133.  Defendants are liable to plaintiff because
defendants owed plaintiff a cognizable duty of care as a matter
of law, and breached that duty.

## FOURTEENTH CLAIM

### (MONELL CLAIM)

134. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

135. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

136. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

137. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

138. Further, defendant City of New York was aware prior to the incident that the individual defendants, in

continuation of defendant City of New York's illegal customs, practices and/or policies, violated the law.

### FIFTHTEENTH CLAIM

#### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

139.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

140.  The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against the plaintiff, including negligence; and negligent supervision, hiring, monitoring, training, and retention of unfit employees.

141.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands judgment and compensatory damages, individually and/or collectively in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction as to the above-stated cause of action against all defendants; punitive damages in an amount to be determined at trial; front and back pay; reinstatement; together with costs and disbursements of this action and legal fees pursuant to 42 U.S.C. § 1988; and such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
          March 5, 2013

                         MICHAEL O. HUESTON, ESQ.
                         *Attorney for Plaintiff*
                         16 Court St., Suite 3301
                         Brooklyn, New York 11241
                         (718) 246-2900
                         mhueston@nyc.rr.com
                         By:

                         _____
                         MICHAEL O. HUESTON

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW
COUNTY OF NEW YORK
--------------------------------------------------X

ELAINE MATTHEWS,

                                    Plaintiff,      **SUMMONS TO THE COMPLAINT**

            -against-                               **Index:**

THE CITY OF NEW YORK; SGT. ANDREW HILLERY; DET.     Basis of Venue: location
ANDREW FAGO; DET. RIVERA; DET. FRIED; DET. BROOKS;  of occurrence: One Police
DET. BANGHART; DET. MEIGS; DET. SANCHEZ; DET.       Plaza, New York County
SPOSITO; ACTING COMMISSIONER ARNOLD S. WECHSLER;
LT. FINDLY; DET. STEPHANIE "DOE"; and NYPD
OFFICERS JANE/JOHN DOES # 1-5 the individual
defendant(s) sued individually and in their
official capacities,

                                    Defendants.

-------------------------------------------------- X

    To the above named defendants:

            **You are hereby summoned** to answer the complaint in this action,
and to serve a copy of your answer or, if the complaint is not served with
this summons, to serve a notice of appearance on the plaintiff's attorney
within twenty days after service of this summons exclusive of the day of
service where service is made by delivery upon you personally within the
state, or within thirty days after completion of service where service is
made in any other manner. In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:      Brooklyn, New York
            July 12, 2012

                            MICHAEL O. HUESTON, ESQ. *Attorney
                            for Plaintiff*
                            16 Court Street, Suite 3301
                            Brooklyn, New York 11241
                            (718) 246-2900
                            BY:

                            __s/_____
                            Michael Hueston, Esq.

Defendants' addresses: THE CITY OF NEW YORK, 100 Church Street, New York, NY
10007; SGT. ANDREW HILLERY; DET. ANDREW FAGO; DET. RIVERA; DET. FRIED; DET.
BROOKS; DET. BANGHART; DET. MEIGS; DET. SANCHEZ; DET. SPOSITO, 78 Richmond
Terrace, Saint George, NY 10301; ACTING COMMISSIONER ARNOLD S. WECHSLER; LT.
FINDLY; DET. STEPHANIE "DOE"; and NYPD OFFICERS JANE/JOHN DOES # 1-5, One
Police Plaza, New York, NY 10007

SUPREME COURT OF THE STATE OF NEW
COUNTY OF NEW YORK
------------------------------------------- X

ELAINE MATTHEWS,

                              Plaintiff,       **COMPLAINT**

           -against-            **Index:**

THE CITY OF NEW YORK; SGT. ANDREW    Basis of Venue:
HILLERY; DET. ANDREW FAGO; DET. RIVERA;  location of
DET. FRIED; DET. BROOKS; DET. BANGHART;  occurrence: One
DET. MEIGS; DET. SANCHEZ; DET. SPOSITO;  Police Plaza, New
ACTING COMMISSIONER ARNOLD S. WECHSLER;  York County
LT. FINDLY; DET. STEPHANIE "DOE"; and
NYPD OFFICERS JANE/JOHN DOES # 1-5 the
individual defendant(s) sued individually
and in their official capacities,

                                     **Jury Trial Demanded**

                        Defendants.

------------------------------------------- X

       Plaintiff ELAINE MATTHEWS, by and through her counsel,

Michael O. Hueston, Esq. upon information and belief, alleges as

follows:

### PRELIMINARY STATEMENT

       1.    This is a civil rights action in which plaintiff

seeks relief for the violation of the plaintiff's rights secured

by 42 U.S.C. §§ 1983; the First, Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution; Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the New

York State Human Rights Law, Executive Law §§ 296 and 297; the

New York City Human Rights Law, Administrative Code §§ 8-107 and

8-502; the Age Discrimination in Employment Act of 1967 ("ADEA"); and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about August 27, 2010 and on or about May 13, 2011.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, malicious prosecution, conspiracy, retaliation, fabricated evidence, denial of a fair trial, denial of equal protection, violation of plaintiff's civil rights, race and age discrimination in employment, wrongful termination and constructive discharge, negligence in disciplinary and firing procedures, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, front and back pay, reinstatement, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the ADEA.

2

Jurisdiction is conferred upon this Court by the aforesaid statutes, as this Court has concurrent jurisdiction over these claims.

3.     Venue is proper in the Supreme Court State New York, New York County, because the acts in question occurred in the State of New York, New York County, and the City of New York is subject to personal jurisdiction in the Supreme Court of the State New York, New York County.

4.     Plaintiff's notice of claim regarding her termination on May 13, 2011 was duly filed on defendant City of New York within 90 days of that incident, more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.  Plaintiff has satisfied all conditions precedent for the filing of this action, and remains available for a 50-H hearing.

5.     On January 10, 2012, plaintiff filed an administrative charge against defendant City of New York with the Equal Employment Opportunity Commission ("EEOC"), alleging racial discriminatory practices, age discrimination, and retaliation for asserting her constitutional rights in defending herself against false criminal charges brought by police

3

officers.  On April 16, 2012, the EEOC concluded that there was

not reasonable cause to believe that defendants subjected

plaintiff to discrimination or retaliation, and issued plaintiff

a right-to-sue letter.  This action was filed within ninety days

of plaintiff's receipt of the right-to-sue letter.

## PARTIES

6.     Plaintiff Elaine Matthews is a resident of the

State of New York, Richmond County.

7.     At all times alleged herein, defendant City of

New York was a municipal corporation organized under the laws of

the State of New York, which violated plaintiff's rights as

described herein.

8.     At all times alleged herein, defendants Sgt.

Andrew Hillery, Tax # 925457, Det. Andrew Fago, Tax # 928265,

Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det.

Banghart, Det. Meigs, Det. Sanchez, and Det. Sposito were New

York City Police Officers, employed with the "NBSI" and/or the

120th Precinct, located in Richmond County, New York or other as

yet unknown NYPD assignment, who violated plaintiff's rights as

described herein.

9.     At all times alleged herein, defendants Acting

Commissioner Arnold S. Wechsler, Lt. Findly, and Det. Stephanie

"DOE", and NYPD Officers Jane/John Does # 1-5 were New York City

4

Police Officers or Executives who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

#### False Arrest and Prosecution

11. Plaintiff was employed by defendant City of New York as a School Crossing Guard from September 14, 1987 to May 13, 2011.

12. Plaintiff was born in 1957.

13. Plaintiff was employed at City of New York's 120th Precinct, Staten Island, New York and performed her duties at P.S. 57. During the time that plaintiff was employed by defendant City of New York, she performed her duties in a satisfactory and competent manner.

14. On August 27, 2010, at and in the vicinity of 55 Bowen Street, Apt. # 508, Staten Island, New York, "NBSI", and the 120th Precinct, Staten Island, New York, several police officers operating from the "NBSI" and/or the 120th Precinct, located in Richmond County, New York, including upon information and belief, defendants Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, at times acting in

5

concert and at times acting independently, committed the following illegal acts against the plaintiff.

15. On August 27, 2010, at approximately 6:00 a.m., at and in the vicinity of 55 Bowen Street, Apt. # 508, Staten Island, New York ("the apartment"), Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that the plaintiff (or any third person) had committed a crime unlawfully entered the apartment.

16. Plaintiff leased the apartment, and her daughter live in the apartment.

17. Plaintiff was awoken by noises coming from the hallway outside her apartment.

18. Plaintiff was dressed in her nightclothes.

19. Plaintiff's daughter was dressed in her underwear.

20. Plaintiff went to see what was happening in the hallway, when the defendant officers, including Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito rushed through her front door into the apartment.

6

21.   Once the defendants entered the apartment, plaintiff and her daughter were not free to disregard the defendants' questions, walk way or leave the scene.

22.   The defendants intentionally struck plaintiff and knocked her into her refrigerator.

23.   One defendant grabbed plaintiff by the neck and threw her to the floor.

24.   Another defendant trampled plaintiff, stepping on her breast.

25.   Plaintiff urinated on herself.

26.   The defendants grabbed and twisted plaintiff's arms, and placed excessively tight handcuffs on her wrists.

27.   Plaintiff's daughter was in her bed in the living room, when the defendants entered the apartment.

28.   The defendants rushed at Plaintiff's daughter with their firearms drawn.

29.   The defendants grabbed Plaintiff's daughter and violently yanked her off her bed onto the floor.

30.   The defendants wrenched Plaintiff's daughter's arms behind her back and placed excessively tight handcuffs on her wrists.

31.   The defendants walked around the apartment while plaintiff lay on the floor in their nightclothes and underwear.

7

32.   Eventually, the defendants pulled plaintiff and her daughter off the floor and made them sit in their living room in handcuffs.

33.   Plaintiff and her daughter complained to the defendants about how they were being mistreated.

34.   Plaintiff and her daughter complained about their injuries, asked the defendants for an explanation why this was happening, asked on what authority they had entered their apartment, and asked why they were in handcuffs.

35.   The defendants ignored their questions and requests.

36.   The majority of the individual defendants were men.

37.   Plaintiff and her daughter also asked to be allowed to get dressed.

38.   The defendants ignored this request for several minutes, until eventually a female defendant took plaintiff and her daughter each in turn to get dressed in the bathroom.

39.   Once dressed, the female defendant placed the handcuffs back on plaintiff and her daughter's wrists.  The handcuffs were excessively tight.

40.   The above-described acts of force were malicious, gratuitous, and unnecessary.

8

41.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against the plaintiff, since they were unarmed, compliant, and did not resist arrest.

42.   Plaintiff was physically injured as a result of the excessive use of force.

43.   Plaintiff's injuries required medical attention, and she was treated at a hospital.

44.   Those defendants who did not touch the plaintiff, witnessed these acts of force, but failed to intervene and protect them from this misconduct.

45.   The defendants searched the apartment and purposely, wantonly, and carelessly damaged and disrupted the personal property of the plaintiff.

46.   The defendants found no controlled substance, contraband, or weapons in the apartment or on plaintiff or her daughter.

47.   However, during the search, the defendants saw plaintiff's NYPD School Crossing Guard uniform.

48.   The defendants asked for plaintiff's identification.

49.   Plaintiff showed the defendants where her identification was located.

9

50.   The defendants obtained plaintiff's identification and verified that she was employed by the NYPD.

51.   One of the defendants exclaimed: she's one of us.

52.   The defendants took plaintiff and her daughter from their apartment to the hallway and eventually into an elevator.

53.   In the elevator, plaintiff and her daughter heard one of the defendants speak over the radio: 508 negative, which upon information and belief, means the search of the apartment proved negative for controlled substances, contraband, or weapons.

54.   Plaintiff and her daughter continued to complain about their mistreatment, and asked why they were still under arrest.

55.   The defendants ignored them.

56.   The defendants put plaintiff and her daughter in a van with other arrestees.

57.   The defendants drove plaintiff and her daughter to the 120th Precinct for arrest processing.

58.   One person vomited in the van during the ride.

59.   The defendants processed plaintiff and her daughter's arrests at the 120th Precinct.

10

60.   In order to cover up that their was no basis for their arrest, upon information and belief, Sgt. Andrew Hillery, Det. Andrew Fago, Det. Rivera, Det. Fried, Det. Brooks, Det. Hernandez, Det. Meigs, Det. Sanchez, and Det. Sposito, pursuant to a conspiracy, initiated, and falsely and maliciously told the Richmond County District Attorney's Office that plaintiff and her daughter had committed various crimes, including violations of N.Y.S. P.L. §§ 220.03, by stating, among other things, that they were in possession of an amount of marijuana.

61.   However, the Richmond County District Attorney's Office declined to prosecute plaintiff's daughter, and she was released from Central Booking without any charges being filed against her, while the plaintiff was arraigned.

62.   Upon information and belief, Sgt. Andrew Hillery and Det. Andrew Fago obtained an unlawful search warrant in this matter by recklessly, deliberately and inadequately conducting any investigation, and/or purposely misrepresenting facts to a magistrate or court official.

**Malicious Prosecution and Termination of Employment**

63.   Plaintiff was arraigned at Central Booking and released on her own recognizance; and pursuant to NYPD policy plaintiff was taken forthwith for mandatory drug testing in Queens, New York.

11

64.  The drug test came back negative for any controlled substances.

65.  Plaintiff was initially suspended by the NYPD as a result of her arrest and prosecution, and disciplinary charges were brought against her.

66.  During the course of plaintiff's disciplinary proceedings, plaintiff was informed that if she did not resign, she would be fired, despite the fact that the criminal case was still open, she maintained her innocence, and had tested negative for controlled substances.

67.  Plaintiff refused to resign, and on May 13, 2011, she was wrongfully terminated by the City of New York and the NYPD as a School Crossing Guard after 23 years of service.

68.  Plaintiff was terminated without cause or justification as the result of the exercise of her constitutional rights in maintaining her innocence against false charges brought against her the defendants.

69.  During the termination process, defendants City of New York, Acting Commissioner Wechsler, Lt. Findly, Det. Stephanie "DOE", and NYPD Officers Jane/John Does # 1-5 subjected plaintiff to improper hearings, designed to dismiss her without cause because, among other things, she was entitled to retire in 2 years, her innocence showed that New York City

12

Police officers had falsely arrested her, and she refused to falsely implicate another person in the commission of a crime.

70.   During the hearing process, Lt. Findly, and Det. Stephanie "DOE", and NYPD Officers Jane/John Does # 1-5 questioned plaintiff about her arrest and prosecution and knew that she vehemently maintained her innocence, which is a constitutionally protected activity.

71.   Plaintiff answered the defendants' questions truthfully, explaining that the charges were false and that she had committed no crime.

72.   Indeed at the hearings, no evidence was submitted substantiating or proving that plaintiff had committed a crime.

73.   Indeed, the police officers who falsely arrested plaintiff also claimed that she was smoking marijuana on the date of her arrest.

74.   Pursuant to NYPD procedure, plaintiff was given a drug test that showed negative for controlled substances.

75.   This evidence, which showed that the police officers had fabricated the charges, was ignored by the defendants City of New York, Acting Commissioner Wechsler, Lt. Findly, Det. Stephanie "DOE", and NYPD Officers Jane/John Does # 1-5 in the hearing process. Upon information and belief, the defendants were motivated to retaliate against plaintiff because

13

finding in her favor would show that a host of officers were engaged in unlawful arrests.

76.   In addition, the warrant produced during the criminal case was inaccurate.  Nonetheless, the defendants told plaintiff that she had to resign or that she would be fired, despite the fact that the criminal case was still open, and the existence of exculpating evidence.

77.   Plaintiff refused to resign and was fired by Acting Commissioner Wechsler on May 13, 2011, when she was 54 years old.

78.   Upon information and belief, a similarly situated younger white female school crossing guard in Staten Island was not fired after she was arrested.

79.   After appearing numerous times in court, the criminal case against plaintiff was dismissed in its entirety, terminating in her favor on August 26, 2011.

**General Allegations**

80.   The individual defendants acted in concert in committing the above-described illegal acts against the plaintiff.

81.   The plaintiff did not resist arrest at any time during the above-described incident.

14

82.   The plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner in relationship to, or during the above-described incident.

83.   The individual defendants did not observe the plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner in relationship to, or during the above-described incident.

84.   The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

85.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices against the plaintiff: (1) fabricating evidence against innocent persons; (2) unlawfully obtaining and executing search warrants; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using excessive force on individuals; and (5) arresting innocent people in order to meet productivity goals.

15

86.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

87.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

88.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

89.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

90.   As a direct and proximate result of the defendants' actions the plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

16

91. The plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to the rights of the plaintiff.

## FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

92. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

93. The individual defendants unlawfully seized, searched, and falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime.

94. Accordingly, the defendants are liable to the plaintiff for unlawful search and seizure and false arrest under 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE)

95. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

96. The individual defendants' use of force upon the plaintiff as described herein, and the individual defendants'

17

failure to intervene, was objectively unreasonable and caused the plaintiff pain and injury.

97. Accordingly, the defendants are liable to the plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### THIRD CLAIM

### (MALICIOUS PROSECUTION CLAIM)

98. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

99. The individual defendants are liable to the plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated the malicious prosecution against the plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court, which alleged plaintiff had committed various crimes, including a sworn complaint and police reports.

100. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

101. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

18

102.  The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on the plaintiff.

### FOURTH CLAIM

#### (FABRICATED EVIDENCE)

103.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

104.  The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against the plaintiff, depriving the plaintiff of liberty without due process of law.

105.  In addition, the defendants used and presented the fabricated evidence to prosecute plaintiff.

106.  Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officers who knowingly use false evidence to obtain a conviction act unconstitutionally.

107.  Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

### FIFTH CLAIM

#### (DENAIL OF A FAIR TRIAL)

19

108. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

109. The individual defendants are liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, a jury, and/or court, thereby violating the constitutional right of the plaintiff to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### SIXTH CLAIM

#### (RETALIATION CLAIM)

110. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

111. The plaintiff exercised free speech and association during the incident by, among other things, telling the individual defendants that the plaintiff had not committed a crime, and that the defendants' were unlawful.

112. The plaintiff was also retaliated against for engaging in a protective activity, by asserting her constitutional rights in maintaining her innocence in a criminal proceeding, thereby exposing unlawful police practices and corruption.

20

113. The use of free speech by the plaintiff was a motivating factor in the individual defendants' decision to arrest, prosecute and terminate the employment of the plaintiff.

114. Accordingly, the individual defendants are liable to plaintiff under the First Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### SEVENTH CLAIM

#### (42 U.S.C. § 1983 CONSPIRACY)

115. Plaintiff repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

116. Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

### EIGHTH CLAIM

#### (RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981, AND THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS)

117. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

118. Defendants' conduct as described herein amounted to race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981; the New York State Human Rights Law, Executive

Law §§ 296 and 297; and the New York City Human Rights Law, Administrative Codes §§ 8-107 and 8-502.

### NINTH CLAIM

#### (ADEA DISCRIMINATION)

119. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

120. Defendants' conduct as described herein amounted to age discrimination in violation of the New York State Human Rights Law, Executive Law §§ 296 and 297; the New York City Human Rights Law, Administrative Code §§ 8-107 and 8-502; the Age Discrimination in Employment Act of 1967.

### TENTH CLAIM

#### (DENIAL OF EQUAL PROTECTION)

121. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

122. Defendants' conduct, as alleged herein, was perpetrated with malice and/or without a rational basis in violation of the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1981.

### ELEVENTH CLAIM

#### (WRONGFUL TERMINATION AND CONSTRUCTIVE DISCHARGE)

123. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

124. Defendants' conduct as described herein amounted to a wrong termination and/or constructive termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the New York State Human Rights Law, Executive Law §§ 296 and 297; the New York City Human Rights Law, Administrative Code §§ 8-107 and 8-502; the Age Discrimination in Employment Act of 1967.

### TWELFTH CLAIM

### (NEGLIGENCE SUPERVISION, HIRING, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

125. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

126. Defendants' conduct as described herein amounted to negligence in the hiring and retention of incompetent and unfit police employees, negligence in the supervision, training and instruction of such employees who conduct investigations, termination and disciplinary and/or misconduct hearings, and fire police personal.

127. Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the

23

part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

### THIRTEENTH CLAIM

#### (NEGLIGENCE)

128. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

129. Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

### FOURTEENTH CLAIM

#### (MONELL CLAIM)

130. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

131. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

132. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

24

133.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.   The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.   Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

134.   Further, defendant City of New York was aware prior to the incident that the individual defendants, in continuation of defendant City of New York's illegal customs, practices and/or policies, violated the law.

### FIFHTEENTH CLAIM

#### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

135.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

136.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against the plaintiff, including negligence; and negligent supervision, hiring, monitoring, training, and retention of unfit employees.

137.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

25

**WHEREFORE**, plaintiff demands judgment and compensatory damages, individually and/or collectively in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction as to the above-stated cause of action against all defendants; punitive damages in an amount to be determined at trial; front and back pay; reinstatement; together with costs and disbursements of this action and legal fees pursuant to 42 U.S.C. § 1988; and such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
          July 12, 2012

                              MICHAEL O. HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              16 Court St., Suite 3301
                              Brooklyn, New York 11241
                              (718) 246-2900
                              mhueston@nyc.rr.com
                              By:

                              _____
                              MICHAEL O. HUESTON

## VERIFICATION

MICHAEL O. HUESTON, ESQ., an attorney at law, duly admitted to the Bar of the State of New York, affirms under penalties of perjury pursuant to CPLR § 2106 to the truth of the following:

I am the attorney for plaintiff Elaine Matthews in the within action.  I have read the forgoing COMPLAINT and know the contents thereof; the same is true to my knowledge as attorney for the plaintiff, except as to the matters therein stated to be alleged on information and belief, as to those matters they are believe to be true.  I make this verification instead of the plaintiff pursuant to CPLR § 3020 because the plaintiff resides in a different county than where I maintain my office.

Dated:    Brooklyn, New York
          July 12, 2012

          __s/_____
          Michael O. Hueston, Esq.

27

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

ELAINE MATTHEWS,

                                     Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                                     Defendants.

## SUMMONS AND COMPLAINT

MICHAEL HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court St., Suite 3301
Brooklyn, New York 11241
(718) 246-2900

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney
duly admitted to practice law in the State of New York,
certifies that, upon information and belief based upon
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.
Dated: **7/12/12**   Signature:___s/_____
                     Michael Hueston, Esq.

*Due and timely, service is hereby
admitted.*

*New York, New York*............................................*.,
2012*

..............................................................*, Esq.*

*Attorney for*............................................................*..*

# Exhibit 2

10/24/2012 12:22 FAX

@002/003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ELAINE MATTHEWS,

Plaintiff,

-against-

THE CITY OF NEW YORK; SGT. ANDREW HILLERY;
DET. ANDREW FAGO; DET. RIVERA; DET. FRIED;
DET. BROOKS; DET. BANGHART; DET. MEIGS; DET.
SANCHEZ; DET. SPOSITO; ACTING COMMISSIONER
ARNOLD S. WECHSLER; LT. FINDLY; DET.
STEPHANIE LNU; and NYPD OFFICERS JANE/JOHN
DOES # 1-5 the individual defendant(s) sued individually and
in their official capacities,

Defendants.
------------------------------------------------------------------X

**STIPULATION OF
DISCONTINUANCE
WITHOUT PREJUDICE**

Index: 154486/2012

WHEREAS plaintiff filed this action in the Supreme Court of the State of

New York, County of New York on July 12, 2012; and

WHEREAS plaintiff served the summons and complaint on defendant

City of New York on July 26, 2012; and

WHEREAS defendant City of New York answered and demanded on or

about August 13, 2012 to change venue from this Court to Supreme Court, County of

Richmond; and

WHEREAS the parties have agreed that: (1) plaintiff will voluntarily

withdraw this action without prejudice pursuant to C.P.L.R. 3217(a)(2) and re-file this

action in the United States District Court of New York for the Eastern District of New

York within 60 days of the filing of this stipulation; and (2) defendant City of New York

will not assert any defense in the United States District Court of New York for the

10/24/2012 12:22 FAX

Eastern District of New York, including any defense of statute of limitations, that could not have been asserted in this action so long as the action is re-filed in the United States District Court of New York for the Eastern District of New York within 60 days of the filing of this stipulation;

**TAKE NOTICE** that plaintiff hereby voluntarily withdraws this action without prejudice pursuant to C.P.L.R. 3217(a)(2), and defendant City of New York will not assert any defense in the United States District Court of New York for the Eastern District of New York, including any defense of statute of limitations, that could not have been asserted in this action so long as the action is re-filed in the United States District Court of New York for the Eastern District of New York within 60 days of the filing of this stipulation.

DATED:

Brooklyn, New York
October 21, 2012
December

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court St., Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

MICHAEL O. HUESTON

New York, New York
October___, 2012
December 17 2012

MICHAEL A. CARDOZO
*Corporation Counsel for Defendant*
*CITY OF NEW YORK*
100 Church Street
New York, New York 10007
By:

ANTHONY BILA

Case 1:13-cv-01288-FB-RLM Document 1-7 Filed 03/07/13 Page 62 of 64 PageID #: 164



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANTHONY BILA**
Phone: (212) 788-1411
Fax: (212) 788-8896
E-mail: abila@law.nyc.gov

**MICHAEL A. CARDOZO**
*Corporation Counsel*

January 30, 2013

Supreme Court/County Clerk
60 Centre Street
New York, New York 10007

Re: Matthews, Elaine v. City of New York et. al
NY County Supreme Court Index No.: 154486/2012
Our File No.: 2012-032937

Dear Sir/Madam:

Pursuant to CPLR § 8019(d), the Corporation Counsel is exempt from payment of all fees required for the filing of stipulations including stipulations of discontinuance. Accordingly, please e-file the attached stipulation of discontinuance regarding the above named matter.

Sincerely yours,

Anthony Bila, Esq.
Assistant Corporation Counsel
(212) 788-1411

**Subject:** NYSCEF: New York Confirmation - STIPULATION OF DISCONTINUANCE (PRE RJI)
154486/2012 Elaine Matthews - v. - City of New York et al
**Date:** Wednesday, January 30, 2013 8:13 PM
**From:** NewYorkEF@courts.state.ny.us
**To:** abila@law.nyc.gov
**Conversation:** NYSCEF: New York Confirmation - STIPULATION OF DISCONTINUANCE (PRE RJI)
154486/2012 Elaine Matthews - v. - City of New York et al

 *New York County Supreme Court*

## *Notification - 01/30/2013*

This is an AUTOMATED response for Supreme Court / Court of Claims cases.
The NYSCEF web site has received document(s) from the filing user, **ANTHONY BILA**, for
case/claim number

### 154486/2012

E-mail Notifications Sent to:

**BILA, ANTHONY - abila@law.nyc.gov
CARDOZO, MICHAEL A. - ECF@law.nyc.gov
HUESTON, MICHAEL OLIVER - mhueston@nyc.rr.com**

--------------------------------------------------------------------------------

**Please retain this notification for your records.**

**Case Caption: Elaine Matthews - v. - City of New York et al
Judge: NOT ASSIGNED**

| Doc # | Document Type | Description | Motion # | Received date/time |
|---|---|---|---|---|
| | STIPULATION OF | | | 01/30/2013 |

| 2 | DISCONTINUANCE (PRE RJI) | | | 08:13 PM |
| 3 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) | | | 01/30/2013 08:13 PM |

*Filing User Information*

| Filing User Name | ANTHONY BILA | Work Address | 100 Church Street, New York, NY 10007 |
|---|---|---|---|
| Phone Number | 212-788-1411 | | |
| Fax Number | 212788-8896 | | |
| E-mail Service Address | abila@law.nyc.gov | | |

THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.